UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LATRICIA NEWBERRY, | : | Case No. 3:14-cv-080 |
| Plaintiff, | : | District Judge Walter Herbert Rice |
| vs. | : | Chief Magistrate Judge Sharon L. Ovington |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION[1]

This case is before the Court on Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d).  (Doc. 17).  The Commissioner has neither responded to nor opposed Plaintiff's motion, and the time for doing so expired on September 28, 2015.  *See* S.D. Ohio Civ. R. 7.2(a)(2).

The Motion seeks an award of attorney fees under the EAJA in the total amount of $4,938.41.  In the absence of a response or opposition by the Commissioner, the Motion, Memorandum, and supporting Exhibits establish that an award of attorney fees under the EAJA is warranted in the amount Plaintiff's Motion seeks.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Motion for Attorney Fees (Doc. 17) be **GRANTED**, and Defendant be directed to pay Plaintiff's attorney fees pursuant to 28 U.S.C. § 2412, in the total amount of $4,938.41;

2. Defendant be directed to verify, **within thirty days of the Court's Decision and Order**, whether or not Plaintiff owes a pre-existing debt to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

the United States subject to offset. *See Astrue v. Ratliff*, 560 U.S. 586 (2010). If no such pre-existing debt exists, Defendant be required to pay the EAJA award directly to Plaintiff's attorney, pursuant to the EAJA agreement signed by Plaintiff and counsel (Doc. 17-2); and

3. The case remain terminated on the docket of the Court.

Date: 10/8/15                                                                      *s/ Sharon L. Ovington*
                                                                                          Sharon L. Ovington
                                                                                          Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).